

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-07-00059-CR
_____

DENNIS MICHAEL LEROY, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 241st Judicial District Court
Smith County, Texas
Trial Court No. 241-2095-06

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

It was a nightmare for each of the three people involved when Dennis Michael Leroy, Jr., found Billy Boehm and Cheryl Leroy, Dennis' wife, in the throes of sexual intercourse in Billy's camper trailer.[1] After retrieving a gun, Dennis shot Cheryl, who later died after being removed from life support.[2] A grand jury indicted Dennis for aggravated assault on a family member with a deadly weapon. Dennis pled guilty, and the jury assessed a life sentence. Dennis complains on appeal only

---

[1]For simplicity in referring to the persons involved, we use their first names when referring to them individually.

[2]Dennis and Cheryl had spent the evening drinking alcoholic beverages at the residence of Michael and Christie Little. Billy, Michael's coworker, had attended the gathering. Billy leased from the Littles a camper trailer which was adjacent to the Littles' residence. At some point, Dennis passed out on a picnic table outside the residence. Shortly thereafter, the Littles went inside their residence to go to sleep. Cheryl and Billy left Dennis on the picnic table and went to Billy's camper. While Cheryl and Billy were having sex, Dennis walked into the camper. Billy testified that Dennis told Cheryl, "I hope it was worth it," and left.

After leaving the camper, Dennis went to the Littles' residence and informed Michael that he was going to go home and get his gun. Michael warned Billy and Cheryl of Dennis' threat and suggested that they leave. Billy drove into town, while Cheryl started walking down the road. Later, when Dennis returned to the Littles' residence, he informed Michael that he had found Cheryl walking along the road and shot her in the neck. Both Dennis and Michael called the police. Dennis told the dispatcher he had shot Cheryl and left her lying in the middle of the road.

A Smith County sheriff's deputy found Cheryl on the road. Cheryl's injuries resulted in paralysis from the neck down. Cheryl expressed a desire not to remain on life support. After several days, Cheryl's health declined to the point that she was "basically comatose." A guardianship was obtained, the decision was made to remove Cheryl from life support, and Cheryl died.

2

that he was wrongfully denied a sudden-passion instruction during the punishment proceedings. We affirm.

If a defendant is convicted of murder, he or she may argue at punishment that he or she caused the death of the victim while under the immediate influence of sudden passion arising from an adequate cause.[3] TEX. PENAL CODE ANN. § 19.02. According to Dennis, he was entitled to a sudden-passion instruction even though he was indicted for aggravated assault rather than murder. Dennis contends the reasoning of *Mims v. State*, 3 S.W.3d 923 (Tex. Crim. App. 1999), supports his argument that "sudden passion" can be submitted in an aggravated assault case. Dennis argues the jury could have reasonably found that Dennis was acting under the immediate influence of sudden passion resulting from adequate cause. At trial, Dr. Thomas G. Allen, a psychologist, testified he believed the crime was "a reactive violence along the lines of an impassioned homicide."

In *Mims*, the Texas Court of Criminal Appeals held that a defendant charged with attempted murder was entitled to a sudden-passion instruction if it was raised by the evidence. *Id*. at 927–28. The court reasoned that the criminal-attempt statute and the murder statute combine to form the

_____

[3]If the defendant establishes the sudden-passion defense by a preponderance of the evidence, the offense level is reduced from a first-degree to a second-degree felony. *Trevino v. State*, 100 S.W.3d 232, 237 (Tex. Crim. App. 2003). "'Sudden Passion' means passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation." TEX. PENAL CODE ANN. § 19.02 (Vernon 2003). "Adequate cause" means "cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection." TEX. PENAL CODE ANN. § 19.02(a)(1).

3

offense of attempted murder. *Id*. at 924. In addition, the court noted a long history of attempt being available for sudden-passion homicides in Texas. *Id*. at 926–27.

*Mims* is distinguishable from this case. In *Mims*, the Texas Court of Criminal Appeals distinguished, in dicta, aggravated assault from murder. *Id*. The court rejected the proposition that "aggravated assault and attempted murder must somehow be viewed as equivalent offenses" and noted "[m]urder can be reduced in degree by proof of sudden passion, but aggravated assault cannot." *Id*. at 927. Although the court's statement is only dicta, we agree that a sudden-passion charge is not available for aggravated assault.[4]

The plain language of the Texas Penal Code does not provide for a reduction in punishments for aggravated assault committed under the influence of sudden passion. The sudden-passion punishment issue is contained in Section 19.02 of the Texas Penal Code, which concerns only murder. *See* TEX. PENAL CODE ANN. § 19.02. Unlike the offense of attempted murder, Section 19.02 does not combine with any other statute to form the offense of aggravated assault. The aggravated-assault statute does not contain a punishment issue on sudden passion. *See* TEX. PENAL CODE ANN. § 22.02 (Vernon Supp. 2007). The plain language of the Texas Penal Code indicates a defendant charged solely with aggravated assault is not entitled to a charge on sudden passion.

---

[4]Aggravated assault is a lesser included offense of murder. *See Dowden v. State*, 758 S.W.2d 264, 269 (Tex. Crim. App. 1988). But attempted murder and aggravated assault are not equivalent offenses. Dennis was not charged with murder or attempted murder.

4

Further, Dennis has failed to provide this Court with any authority that sudden passion has ever been recognized as an issue for a defendant charged solely with aggravated assault.

Similarly, the Texas Court of Criminal Appeals has held that a defendant is not entitled to a sudden-passion instruction at punishment if convicted of capital murder or attempted capital murder. *See Ex parte Watkins*, 73 S.W.3d 264, 276 n.6 (Tex. Crim. App. 2002); *Wesbrook v. State*, 29 S.W.3d 103, 112–13 (Tex. Crim. App. 2000). Noting that "it is within the Legislature's exclusive power to define the elements of capital murder," the court held the Texas Legislature "chose not to permit the defense of 'sudden passion' in the context of capital murder" and that such a choice did not violate due process. *Wesbrook*, 29 S.W.3d at 112–13. Because the Legislature chose not to permit a reduction in punishments for aggravated assaults committed under the influence of sudden passion, Dennis was not entitled to an instruction on sudden passion.

A defendant charged with only aggravated assault is not entitled to a sudden-passion instruction. The trial court did not err in denying the requested instruction.

We affirm the judgment of the trial court.

Josh R. Morriss, III
Chief Justice

Date Submitted:     January 28, 2008
Date Decided:       February 6, 2008

Do Not Publish

5